2026 IL App (1st) 240048-U

SIXTH DIVISION

July 10, 2026

No. 1-24-0048

**NOTICE**: This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| WHEELER FINANCIAL, INC., | ) | Appeal from the Circuit Court |
| | ) | of Cook County. |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | No. 2019COTD4559 |
| JAMES T. LEYDEN, | ) | |
| | ) | Honorable |
| Respondent-Appellee. | ) | Tracie R. Porter, |
| | ) | Judge, presiding. |

_____

PRESIDING JUSTICE C.A. WALKER delivered the judgment of the court.
Justice Hyman and Justice Pucinski concurred in the judgment.

**ORDER**

¶ 1    *Held:*    The circuit court did not err in vacating the order directing issuance of a tax deed where respondent filed a timely section 2-1203 motion directly challenging the tax deed order and the court found the published notice failed to strictly comply with the Property Tax Code's notice requirements. Because the publication notice defect supports affirmance, we need not reach petitioner's remaining argument.

¶ 2    Petitioner, Wheeler Financial Incorporated, appeals from the circuit court's orders vacating a prior order directing the Cook County Clerk to issue a tax deed and declaring the later recorded tax deed void. Wheeler argues the circuit court erred in finding that its published notice failed to strictly comply with the Property Tax Code (35 ILCS 200/1-1 et. seq. (West 2022)) and in finding that Wheeler failed to exercise the required diligence in naming and giving notice to Maureen Rose. For the following reasons, we affirm.

¶ 3                                    I. BACKGROUND

¶ 4    This appeal arises from a tax deed proceeding involving a residential property located at 3742 North Nora Avenue in Chicago, Illinois, identified by Property Index No. 13-19-121-044-0000. On April 5, 2017, the Cook County Treasurer sold the delinquent 2015 real estate taxes on the property and issued Certificate of Purchase No. 15-0006483. The certificate was later assigned to Wheeler Financial, Inc. On August 21, 2020, the circuit court entered an order substituting Wheeler as petitioner.

¶ 5    On November 20, 2019, Wheeler's predecessor in interest filed a petition for tax deed. The record reflects that notices were mailed to various parties identified during the tax deed proceedings, including James T. Leyden, Maureen Leyden, the Leyden Living Trust, and the City of Chicago. The sheriff's return reflects that Leyden was personally served at the property on December 18, 2019.

¶ 6    The publication notice was published in the Chicago Tribune on December 19, 20, and 23, 2019. The published notice stated, in relevant part, that the matter was set for hearing "in the Circuit Court of this county in the Richard J. Daley Center, 50 W. Washington St, IL 60602 on 4/22/2020 at 9:30 a.m. in room 1704." The notice further stated that redemption could be made "by applying to the County Clerk of Cook County, Illinois at the Office of the County Clerk in

Illinois." The redemption period was extended and ultimately expired on April 2, 2020. No redemption was made.

¶ 7     On September 9, 2020, Wheeler filed an application for an order directing the county clerk to issue a tax deed. The circuit court conducted a prove-up hearing on April 22, 2021. On November 16, 2021, the court entered an order directing the county clerk to issue a tax deed to Wheeler.

¶ 8     On December 15, 2021, Leyden filed an appearance and a motion to vacate the November 16, 2021, order pursuant to section 2-1203 of the Code of Civil Procedure. Leyden alleged, among other things, that Wheeler failed to strictly comply with the notice requirements of the Property Tax Code because the published notice omitted the correct or complete location of the county clerk's office and omitted the municipality from the hearing location portion of the notice.

¶ 9     Wheeler filed a response to Leyden's motion to vacate. Wheeler argued that Leyden had been personally served, the party identified as Maureen Leyden was the same person as Maureen Rose, and the municipality and county did not need to be completely filled in on the published notice. The parties engaged in discovery and motion practice concerning Leyden's objections to the tax deed order.

¶ 10   On January 20, 2023, Leyden moved for summary judgment on the publication notice issue. Leyden argued there was no genuine issue of material facts that the published notice was defective because it omitted the required location information, including the municipality and county, and therefore failed to strictly comply with sections 22-10, 22-15, 22-20, and 22-40 of the Property Tax Code. Wheeler responded that section 22-20 required only the information listed in that provision and did not require the publication notice to include all information required by the section 22-10 take notice form.

¶ 11 On June 22, 2023, the circuit court entered a written memorandum opinion and order granting Leyden's motion for summary judgment and vacating the November 16, 2021, order directing issuance of a tax deed. The court found that Wheeler's published notice included the six items listed in section 22-20 but failed to strictly comply with the Property Tax Code because the notice omitted the municipality in two places and the county in one place.

¶ 12 The circuit court entered an order on July 20, 2023, requiring Leyden to tender the amount required under section 22-80(b) of the Property Tax Code by October 18, 2023. Wheeler later rejected Leyden's tender of $66,778.10, and the circuit court entered orders directing the clerk of the circuit court to accept and hold the funds.

¶ 13 Wheeler moved to reconsider and vacate the June 22, 2023, order. On December 14, 2023, the circuit court denied Wheeler's motion to reconsider and ordered the November 16, 2021, order directing issuance of a tax deed remained vacated. Wheeler filed its notice of appeal on January 8, 2024. This appeal followed.

¶ 14 II. JURISDICTION

¶ 15 The circuit court entered its order denying Wheeler's motion to reconsider on December 14, 2023. Wheeler filed a timely notice of appeal on January 8, 2024. Accordingly, this court has jurisdiction pursuant to Illinois Supreme Court Rule 303 (eff. July 1, 2017).

¶ 16 III. ANALYSIS

¶ 17 Wheeler argues the circuit court erred in granting summary judgment in favor of Leyden and vacating the order directing issuance of a tax deed. Wheeler contends its publication notice strictly complied with section 22-20 of the Property Tax Code because that provision lists the information a publication notice must contain and does not expressly require the notice to include the municipality of the hearing location or the complete address of the county clerk's office.

Wheeler further argues that *DG Enterprises*, *LLC-Will Tax, LLC v. Cornelius*, 2015 IL 118975, controls because our supreme court held that a publication notice need not be identical in form to the section 22-10 take notice form. Leyden responds that Wheeler failed to strictly comply with the sections 22-10, 22-15, 22-20, and 22-40 because the published notice omitted required location information from the statutory notice form. For the following reasons, we affirm.

¶ 18    We review *de novo* the circuit court's order granting summary judgment. *Gilespie v. Edmier*, 2020 IL 125262, ¶ 9.  Summary judgment is proper where the pleadings, depositions, admissions, and affidavits on file, viewed in the light most favorable to the nonmoving party, establishes there is no genuine issue of material fact, and the moving party is entitled to judgment as a matter of law. 735 ILCS 5/2-1005(c) (West 2022). We also review *de novo* questions of statutory interpretation. *DG Enterprises*, 2015 IL 118975, ¶ 31. Here, the parties did not dispute the contents of the publication notice, rather the issue is whether that notice strictly complied with the Property Tax Code.

¶ 19    A tax purchaser is not entitled to a tax deed unless it strictly complies with the statutory notice requirements. Section 22-40 of the Property Tax Code provides that, before entering an order directing issuance of a tax deed, "the court shall insist on strict compliance with Section 22-10 through 22-25." 35 ILCS 200/22-40(a) (West 2022). The purpose of that requirement is significant because a tax deed proceeding may result in the forced loss of real property. Accordingly, strict compliance, not substantial compliance, is required. *In re Application of the County Treasurer & ex officio County Collector*, 2023 IL App (1st) 220182, ¶ 17. Whether the property owner was misled by a defective notice is not the controlling question; the tax purchaser must comply with the statute. *Id*.

¶ 20  Section 22-10 governs the notice of expiration of the period of redemption. It provides that the notice to be given to the parties "shall be in at least 10-point type in the following form completely filled in." 35 ILCS 200/22-10 (West 2022). The statutory form includes the following language: "This matter is set for hearing in the Circuit Court of this county in …, Illinois on …" *Id*. The same form further provides that redemption may be made by applying to the county clerk at the office of the county clerk "in …, Illinois." *Id*. Section 22-10 also provides that, "in counties with 3,000,000 or more inhabitants, the notice shall also state the address, room number, and time at which the matter is set for hearing." *Id*.

¶ 21  Section 22-15 also addresses service of that notice. It provides that, "the purchaser or his or her assignee shall give the notice required by Section 22-10 by causing it to be published in a newspaper as set forth in Section 22-20." 35 ILCS 200/22-15 (West 2022). Section 22-20, in turn, provides that publication notice must be given three times and must contain, among other things, notice of the filing of the petition for tax deed, the date on which the petitioner intends to apply for an order that a tax deed issue, a description of the property, the date of sale, the taxes or special assessments for which the property was sold, and the date on which the period of redemption will expire. 35 ILCS 200/22-20 (West 2022).

¶ 22  Reading these provisions together, the published notice in this Cook County tax deed proceeding was required to comply with section 22-10's hearing-location requirement. Section 22-15 expressly directs the purchaser to give the notice required by section 22-10 by publication as set forth in section 22-20. 35 ILCS 200/22-15 (West 2022). And section 22-10 expressly requires that, in counties with 3,000,000 or more inhabitants, the notice shall also state the address, room number, and time at which the matter is set for hearing. 35 ILCS 200/22-10 (West 2022). The

statute therefore required more than identifying the hearing date; it obligated Wheeler to provide the full hearing information mandated for proceedings in Cook County.

¶ 23    Wheeler's published notice did not do so. The notice stated the matter was set for hearing "in the Circuit Court of this county in the Richard J. Daley Center, 50 W. Washington St, IL 60602 on 4/22/2020 at 9:30 a.m. in room 1704." The notice omitted the municipality from the hearing-location address. *Id*. The notice also stated that redemption could be made by applying to the "County Clerk of Cook County, Illinois at the Office of the County Clerk in, Illinois," leaving blank the municipality in which the county clerk's office was located. *Id*.

¶ 24    The omission of the municipality from the hearing-location address is dispositive. Section 22-10 required the notice to state the address of the hearing location. 35 ILCS 200/22-10 (West 2022). Wheeler's notice identified a building name, street address, state, zip code, hearing date, time, and room number, but omitted the city from the address. The statutory form required that location information be completely filled in, and the Cook County provision specifically required the address, room number, and time of the hearing. 35 ILCS 200/22-10 (West 2022). Leaving the municipality out of the hearing-location line did not strictly comply with that requirement.

¶ 25    Wheeler argues the notice was sufficient because section 22-20 does not expressly list the word "Chicago" or require the publication notice to include every item in the section 22-10 form. But this argument reads section 22-20 in isolation. We must construe the Property Tax Code as a whole and avoid reading one provision in a way that renders another meaningless. Section 22-15 links sections 22-10 and 22-20 by requiring the purchaser to give the section 22-10 notice through publication as set forth in section 22-20. 35 ILCS 200/22-15 (West 2022). If section 22-20 were read to eliminate the Cook County hearing-location requirement in section 22-10, then section 22-15's direction to publish the notice required by section 22-10 would have little effect.

¶ 26   *DG Enterprises* does not require a different result. In *DG Enterprises*, our supreme court considered whether the failure to include the address and phone number of the county clerk in the publication and certified-mail notices rendered a tax deed void in a collateral attack. 2015 IL 118975, ¶¶ 1, 27-29. The court held that section 22-10 does not require a publication notice to be identical in form to the section 22-10 notice and the county clerk's address and phone number are not among the items section 22-20 requires in a publication notice. *Id.* ¶ 28.

¶ 27   *DG Enterprises* does not resolve the issue presented here. This case involves a timely direct attack under section 2-1203, not a collateral attack under section 22-45. More importantly, the dispositive defect here is not the omission of additional county clerk contact information. The defect is Wheeler's failure to completely state the hearing-location address required by section 22-10 for Cook County tax deed proceedings. The issue is not whether section 22-20 requires a publication notice to replicate the section 22-10 form in every respect. It does not. The issue is whether section 22-15 requires publication of the section 22-10 notice and section 22-10 requires the notice to state the hearing address, room number, and time in Cook County, a notice that omits part of the hearing address strictly complies with the statutory notice scheme. We find that it does not.

¶ 28   Wheeler's reliance on *DG Enterprises* is misplaced. *DG Enterprises* held the omission of the county clerk's address and phone number did not provide a basis for collateral relief where section 22-10 did not require that information. *Id.* ¶¶ 28-29. It did not hold that a tax purchaser in Cook County may publish an incomplete hearing-location address despite section 22-10's express requirement that the notice state the address, room number, and time of the hearing. Nor did it hold the strict compliance mandate in section 22-40 may be satisfied by a notice that leaves required location information incomplete.

¶ 29    Because Wheeler failed to strictly comply with the publication notice requirements of the Property Tax Code, the circuit court did not err when it granted summary judgment in favor of Leyden and vacated the November 16, 2021, order directing issuance of a tax deed. Thus, we need not address the parties' remaining arguments concerning Wheeler's diligence in identifying or serving other interested parties. *In re Application of the County Collector*, 2022 IL 126929, ¶ 50.

¶ 30                                    IV. CONCLUSION

¶ 31    For the foregoing reasons, the judgment of the Circuit Court of Cook County is affirmed.

¶ 32    Affirmed.